## In re PENITENTIARY POSTAL PROCEDURE LITIGATION.

### No. 361.

Judicial Panel on Multidistrict Litigation.

Feb. 28, 1979.

Before MURRAY I. GURFEIN, Chairman, and EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY, ROY W. HARPER, and CHARLES R. WEINER, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

This litigation presently consists of four actions pending in two federal districts: three in the Northern District of Georgia and one in the District of the District of Columbia.

The District of Columbia action was brought in May, 1973, by a group of federal prisoners and ex-prisoners as a class action. The defendants in this action include the United States Attorney General, the Postmaster General, the Director of the United States Bureau of Prisons, and wardens or directors of federal penal institutions in the United States. The complaint in this action challenges the constitutionality of the Bureau of Prisons' (the Bureau) regulations and limitations on attorney-prisoner correspondence; correspondence with courts; family and social correspondence; correspondence critical of the Bureau; correspondence with fellow prisoners, ex-prisoners, and members of the opposite sex; and correspondence with the press. The complaint also attacks the Bureau's handling of prisoners' incoming and outgoing mail, the Bureau's supervision of prisoners' right to receive publications, and the Bureau's rule that allowed publications to be received by prisoners only if the publications were sent to the prisoners directly by the publisher. The Honorable William B. Bryant has certified, pursuant to Fed.R.Civ.P. Rule 23(b)(2), a class in this action consisting of all persons who are now, or who may in the future be, confined in penal institutions controlled and operated by the defendants who operate the Bureau.

The first Georgia action (*Boord*) was filed in July, 1977, against the Director of the Bureau and officials at the United States Penitentiary in Atlanta, Georgia. The individual plaintiff alleges that defendants have deprived him of constitutional rights by opening, delaying and/or refusing to send plaintiff's sealed mail to the United States attorney in Puerto Rico, other attorneys and the courts.

The second Georgia action (*Lovell*) was filed in March, 1978, against the Director of the Bureau, the warden at the Atlanta penitentiary and other federal officials. The plaintiff alleges that defendants have unconstitutionally refused to mail plaintiff's sealed letters to federal authorities, the American Bar Association, law schools and legal authorities.

The third Georgia action (*Moorefield*) was filed by two individuals against the Director of the Bureau, the warden at the Atlanta penitentiary and unnamed federal officials. Plaintiffs allege that defendants unconstitutionally have recorded telephone conversations conducted by the plaintiffs and have copied plaintiffs' incoming and outgoing mail.

The Director of the Bureau and the warden at the Atlanta penitentiary originally moved the Panel, pursuant to 28 U.S.C. § 1407, to centralize the four actions in this litigation in the District of the District of Columbia for coordinated or consolidated pretrial proceedings.[1] Plaintiff in *Boord* joined in that motion. Plaintiffs in the District of Columbia action and plaintiffs in *Moorefield* opposed centralization under Section 1407. Subsequently the Director of the Bureau and the warden at the Atlanta penitentiary requested permission to withdraw their motion to transfer. Because plaintiff in *Boord* had joined in the original transfer motion and had advised the Panel that he desired to pursue the motion, the matter was set for hearing. No responding party has changed its original position as a result of the withdrawal request of the original movants.

We conclude that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation and, accordingly, we deny the motion for transfer.

Movant contends that all four actions share a factual core arising out of a common challenge to the Bureau's uniform system-wide policies on mail handling. He urges that transfer is necessary in order to prevent duplication of discovery and prevent inconsistent pretrial rulings.

We find these arguments unpersuasive. The action in the District of the District of Columbia has been pending for nearly six years and has been substantially narrowed as a result of ongoing discovery, stipulations of the parties and changes in Bureau policies. Opponents to transfer assert, and movant has not refuted, that 1) *Moorefield,* involving alleged photocopying of inmate mail and recording of telephone calls, shares no factual questions with the District of Columbia action and does not arise out of the Bureau's Prisons Policy Statement on Correspondence and Publications which is at issue in the District of Columbia action; and 2) *Boord* and *Lovell,* based on claims for damages for delaying and/or opening sealed outgoing mail, no longer share factual questions with the District of Columbia action because a similar claim for injunctive relief in the latter action is no longer at issue as a result of recent changes in Bureau policies which now allow outgoing sealed mail. Under these circumstances, we cannot conclude that any remaining common factual questions that may exist between the Georgia actions and the District of Columbia action are sufficiently complex to justify transfer under Section 1407. *See In re Scotch Whiskey,* 299 F.Supp. 543, 544 (Jud.Pan.Mult.Lit.1969).

Additionally, we observe that suitable alternatives to Section 1407 transfer are available to the parties in this litigation. For example, discovery that has already transpired in the District of Columbia action may be made applicable to the Georgia actions either by agreement of the parties or by any party requesting the Georgia court to order all parties to show cause why that discovery should not be made applicable. Also, notices for any future depositions could be filed in all relevant actions, thereby making the depositions applicable

---

1. These original movants included in their motion three other actions that have since been terminated. *Consideration of those actions by the Panel has therefore become moot.*

in those actions. *See In re Oklahoma Insurance Holding Company Act Litigation,* 464 F.Supp. 961, at 965–966 (Jud.Pan.Mult. Lit., 1979. *See also Manual for Complex Litigation,* Parts I and II, § 3.11 (rev. ed. 1977).

Also, consultation and cooperation between the two concerned district courts, if viewed appropriate by those courts, coupled with the cooperation of the parties, would minimize the possibility of conflicting pretrial rulings. *See In re Texas Instruments, Inc. Employment Practices Litigation,* 441 F.Supp. 928, 929 (Jud.Pan.Mult.Lit.1977).

IT IS THEREFORE ORDERED that the motion for transfer under Section 1407 concerning the actions listed on the following Schedule A be, and the same hereby is, DENIED.

SCHEDULE A

**District of the District of Columbia**
Jack Abbott, et al. v. Elliott L. Richardson, et al., C.A. No. 1047–73

**Northern District of Georgia**
Hugh M. Boord v. Norman Carlson, et al., C.A. No. C77–1115A

Rev. Dr. Frank D. Lovell v. Jack Hanberry, et al., C.A. No. C78–439

Bill B. Moorefield, et al. v. Norman A. Carlson, et al., C.A. No. C78–417A